UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLY JOE JOHNSON                                                           CIVIL ACTION

VERSUS                                                                              NO. 10-3910

DEPT. OF PUBLIC SAFETY                                                SECTION "B" (2)
AND CORRECTIONS ET AL.

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Billy Joe Johnson, was an inmate incarcerated in the St. Tammany Parish Jail. Plaintiff filed this suit on a form for prisoners filing complaints under 42 U.S.C. § 1983. Johnson alleges that he is wheelchair bound and that the jail does not comply with the Americans with Disabilities Act in various respects. The complaint seeks compensatory and punitive damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated October 29, 2010, Record Doc. No. 5, the court required Johnson to file on or before November 19, 2010 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and

a separate summary of the expected testimony of each witness. A review of the record indicates that this order was mailed to plaintiff at the address at the St. Tammany Parish Jail indicated on the envelope in which he mailed his complaint to the court. This mail sent to plaintiff by the court has <u>not</u> been returned undelivered. However, no response from plaintiff has been received.

Because plaintiff did not respond to the court's October 29, 2010 order, I issued a second order dated December 1, 2010, directing plaintiff to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's previous order. Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than December 23, 2010. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. Record Doc. No. 8. This second order has <u>not</u> been returned to the court, and no response from plaintiff has been received.

In addition to the court's orders attempting to have plaintiff provide the court with a statement of facts and a list of witnesses and exhibits, by order dated December 21, 2010, plaintiff was advised in writing by the court that defendants had filed a motion to dismiss plaintiff's case. Record Doc. Nos. 16 and 18. Plaintiff was ordered to respond in writing to defendants' motion by January 11, 2011. Plaintiff was advised that failure to follow the requirements of the court's December 21, 2010 order to respond to

defendants' motion might result in a recommendation that defendants' motion be granted without a further hearing. Because plaintiff had not responded to the court's previous orders, staff of the undersigned magistrate judge inquired and were advised by staff of the St. Tammany Parish Jail that plaintiff remained incarcerated in the jail and provided the court with plaintiff's D.O.C. number and "bed number." The Clerk was directed to mail the court's December 21, 2010 order to plaintiff at his complete address, including in the address plaintiff's D.O.C. number and "bed number."  The order has not been returned to the court and no response from plaintiff has been received.

No mail addressed to plaintiff has been returned to the court. All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1E and 41.3.1E.  In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated October, 2010, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI(2).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the

sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

    The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's October 29 and December 1, 2010 orders clearly reflects a failure on the part of plaintiff to prosecute. In addition, plaintiff has failed to comply with the court's December 21, 2010 order to file a written response to the pending motion to dismiss. Thus, the record establishes that plaintiff has failed to comply with three (3) court orders, a clear record of purposeful delay or contumacious conduct.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Billy Joe Johnson be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___18th___ day of January, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.